BELT v. PICKERELL. See Case No. 3,117.

BELTON v. VALENTINE. See Case No. 1,370.

BELTZHOOVER, (LANE v.) See Case No. 8,047.

---

## Case No. 1,283.

BELTZHOOVER et al. v. STOCKTON et al.

[4 Cranch, C. C. 695.][1]

Circuit Court, District of Columbia. March Term, 1836.

WITNESS—INTEREST IN RESULT—RELEASE.

1. In an action on the case, for negligence of the defendants' driver in running against the plaintiffs' stage-coach, the plaintiffs' driver is not a competent witness for the plaintiffs, without their release.

[See Jones v. The Phenix, Case No. 7,489; The William Harris, Id. 17,695; The Fortitude, Id. 4,953; The Neptune, Id. 10,120; The Peytona, Id. 11,058; U. S. v. The Anna, Id. 14,458. Contra, Dunlop v. Munroe, Id. 4,167; Bank of Alexandria v. McCrea, Id. 849; The Nymph, Id. 10,389; The Hudson, Id. 6,831.]

2. A release, under the seal of one of the co-partners, is a sufficient release of a joint right of action.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

Action on the case, [by Beltzhoover & Co. against Stockton & Stokes,] for negligence of the defendants' driver in running against the plaintiffs' stage-coach.

The driver of the plaintiffs' stage-coach was called as a witness for the plaintiffs.

Mr. Key, for the defendant, objected that he was interested, because it is yet to be ascertained which driver was in fault; and if it was the fault of the witness, the plaintiffs have a right of action against him for his negligence.

But THE COURT (THRUSTON, Circuit Judge, not sitting) overruled the objection, and suffered the witness to be sworn and examined.

On the next day, however, (May 20, 1836,) the jury having been adjourned over, Mr. Key, for the defendant, to show that the witness was incompetent, without a release from the plaintiffs, cited Starkie, Ev. pt. 4, p. 1732, note d, and the cases there referred to.

Mr. Lee, contra. Starkie, Ev. pt. 4, pp. 747, 1728; Case v. Reeve, 14 Johns. 82.

THE COURT was satisfied that they had erred in admitting the witness, without a release, to testify upon the point of negligence.

Mr. Bradley, for the plaintiff, then offered a parol release, signed in the name of Beltzhoover & Company by John Brown, one of the firm, without a seal; and cited Bulkeley v. Dayton, 14 Johns. 387.

THE COURT said it is not a technical release, and was not sufficient to restore the competency of the witness.

Mr. Bradley then offered a release under the seal of the said John Brown, releasing all right of action of the firm against the witness in relation to the transaction.

Mr. Key, contra. The authority in 14 Johns. 387, only decides that one partner may release the debts of the firm, not unliquidated damages.

Mr. Bradley, in reply. One partner has power to release all the rights of the firm. Gow, Partn. 76, 77; Starkie, Ev. pt. 4, p. 758, note.

THE COURT was of opinion, that the release under the seal of one of the firm, stating himself to be a partner, is a sufficient release. THE COURT said that the witness (who had been examined yesterday, without a release), must be examined again, unless the defendants should waive the new examination; which they did.

---

## Case No. 1,284.

BELUN v. WESTERN UNION TEL. CO.

[The case reported under above title in 7 Reporter, 710, is the same as Case No. 1,234.]

---

BELVIDERE, The, (WILSON v.) See Case No. 17,790.

BEMAN, (CADMUS v.) See Case No. 2,281.

BEMIS, (AIKEN v.) See Case No. 109.